

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GROVER SELLERS
ATTORNEY GENERAL

Honorable Bayne Satterfield, Commissioner
Firemen's Pension Commission
P. O. Box 1062
Austin, Texas

Dear Sir:

Opinion No. O-6709
Re: The monthly payments and
allowance to the guardian
of each child under Article
6243e, Sec. 12, is to be
considered separately.

Article 6243e, Sec. 12, of Vernon's Annotated
Civil Statutes, 1925, as amended, provides in part as
follows:

"If any member of any department as
herein defined, who has been retired on
allowance because of length of service or
disability, shall thereafter die from any
cause whatsoever, or if while in service,
any member shall die from any cause growing
out of and/or in consequence of the perform-
ance of his duties; or shall die from any
cause whatsoever after he has become entitled
to an allowance or pension certificate and
shall leave surviving a widow, a child, or
children under the age of eighteen (18) years
. . . . said Board of Trustees shall order
paid a monthly allowance as follows: . . . .
(b) to the guardian of each child the sum of
Six Dollars ($6.00) per month until such child
reaches the age of eighteen (18) years; . . . ."

Your letter asking us to construe this statutory
provision is as follows:

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

"With further reference to your recent opinion in which you state that payments to minors who are entitled to benefits under Article 6243-e should be made to the guardian of the estate, if one, and if not then to the county clerk.

"The question now arises as to whether or not each payment should be considered separately or collectively. For instance, each child is entitled to $6.00 per month which would amount to $288 for a 4 year period and this amount would exceed the $250 maximum which may be paid to the registry of the court.

"In view of the above we would appreciate your ruling on the following questions:

"1. Should each monthly payment be considered separately?

"2. If each monthly payment may be considered separately, and it is obvious, from the age of the child, that payments to it collectively will amount to more than $250, how should the payments be made and to whom, where no guardian of the estate has been appointed?"

There is no provision in the statute for a lump sum settlement of these benefits and each monthly payment is in fact a separate payment arising from a liquidated claim. However, we see no objection to the payment of such benefits to the County Clerk under Article 4112-a, V.A.C.S., for the use and benefit of the minor; but, it should be borne in mind that under this article, the Clerk is not authorized to hold more than $250.00 of the accumulated monthly payments in the funds of the minor at any one time.

As a practical matter, due to the small installments involved here, the expense of making separate withdrawals would be prohibitive and while both forms of withdrawals -- i.e., by regular guardianship or under the procedure of Article 4118-a, V.A.C.S. -- are permissible, we think a guardianship advisable in this case.

Since we have held that these monthly payments are to be considered separate payments, it is not necessary for us to answer your second question.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By David Wuntch

David Wuntch
Assistant

APPROVED OCT 29, 1945

ATTORNEY GENERAL OF TEXAS

DW:ad:mb


APPROVED
OPINION
COMMITTEE
BY
CHAIRMAN